123 P.2d 722

### ELLIOTT et al. v. FRISTOE et al.
### No. 4656.

Supreme Court of New Mexico.

March 18, 1942.

Howard B. Rich, of Lovington, for appellants.

C. M. Neal, of Hobbs, for appellees.

BRICE, Chief Justice.

One M. P. Carrow sued a number of defendants in the district court of Lea County to quiet title to an undivided one-fourth of 7½ per cent royalty interest in the oil and gas lying in and under certain lands located in that county, which had been leased for oil and gas, subject to such royalty. A number of the defendants filed cross complaints, likewise seeking to quiet title to royalty interests in the same land. The district court held that Carrow, Bostler, appellee Fristoe as trustee, and the appellants (jointly) each owned one-fourth interest in the royalty. The appellants question only that part of the trial court's decision which holds that the appellee Fristoe held in trust the one-fourth decreed to him as trustee for cross-complainants, called "The Oregon Parties" (whose individual names, because of their number, are not stated here), title to which appellants claim.

From the facts found by the court we deduce the following, which we deem to be material to a decision:

The royalty in question, subject to an oil lease, was owned one-fourth each, by Carrow, Bostler, appellee Fristoe, and one Panhurst; but the title in Fristoe was held by him as trustee for himself and his three associates. In attempting to transfer to his three associates their respective interests, he executed deeds with void acknowledgements, delivered them to Panhurst to be by him given to the respective grantees. Panhurst placed his own deed of record but did not deliver the other two. Fristoe later made a correction deed, but the fact that it was made to correct the original deed was not recited therein. Panhurst placed his deed of record and from the records it thus appeared that he owned one-half interest in the property. In about 1928 Fristoe gave to Panhurst his power of attorney to sell this property, which was probably forgotten by Fristoe. In 1935 Panhurst placed it of record and as attorney in fact for Fristoe, deeded a one-fourth interest in the royalty to his father-in-law Eaton. He had executed another deed to Eaton to one-half of the royalty. Eaton was a "dummy"

for Panhurst, a fact not seriously questioned. He executed a deed purporting to transfer to the appellant three-fourths of said royalty interest. The whole transaction between Panhurst and Eaton was found by the trial court to be fraudulent and void, except as to Panhurst's original one-fourth interest, and we are satisfied with this conclusion of the court. Indeed, appellant does not seriously question it.

The claim here is that appellant was a bona fide purchaser for value without notice of Fristoe's claim; and that Fristoe and his assigns were estopped to claim title because of Fristoe's negligence in making two deeds, purporting each to convey a one-fourth interest in the royalty, and particularly in executing the correction deed without stating its purpose; also, by failing to revoke the power of attorney under which Panhurst was enabled to fraudulently transfer title through Eaton to Appellant. Fristoe claims no interest, but agreed to the decree which established title to the one-fourth interest he originally owned in the "Oregon Parties," to whom he had attempted to convey it by an invalid deed.

If the appellants were misled by the transactions between Eaton and Panhurst, which showed of record that Eaton was the owner of three-fourths of the royalty, the appellees are no doubt estopped from claiming title as against appellants, if in truth they were innocent purchasers for value without notice of Fristoe's claim. One who negligently executes and delivers deeds to fractional interests in property, each of which purports to be a separate interest though one is a correction deed, must lose to a bona fide purchaser, however innocent his intentions may be. So, notwithstanding the fraudulent intent of Panhurst and Eaton, the appellees cannot complain if appellants were bona fide purchasers for value without notice of the Fristoe claim.

The trial court found as a fact, and concluded, that appellants were not bona fide purchasers of the property, and we find substantial evidence in the record to support the finding.

Appellants introduced a deposition of Panhurst, to which a letter from him was attached as an exhibit, and in which he stated in substance that he gave to his father-in-law, J. I. Eaton, the Fristoe interest because he did not feel that Fristoe had kept an agreement with him; that Eaton had paid him $750 for his own interest; that at the time Eaton conveyed to appellants he knew these facts; that appellants paid for only a one-fourth interest and Fristoe's interest was given to them by Eaton; that at that time appellants knew Fristoe claimed the one-fourth interest; that prior thereto Elliott in a conversation between himself, Carrow, a Mr. Little and Panhurst, had been informed that Panhurst expected to dispose of Fristoe's interest for his own individual benefit, and not for the benefit of Fristoe himself.

Now Panhurst somewhat modified this statement in his deposition, but we are of the opinion that there is ample testimony from Carrow, Little and Panhurst to prove

that when appellants bought the property they knew that Panhurst had threatened to dispose of it to beat Fristoe, and that it actually belonged to Fristoe, and that neither Eaton nor appellants paid a consideration for it. We are of the opinion that any purchaser who had such knowledge is not a bona fide purchaser for value without notice of the owner's title.

The decree of the district court should be affirmed, and it is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.